UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TERRENCE N. MOORE, and<br>YULANTIS W. MOORE,<br><br>  Plaintiff,<br><br>v.<br><br>CARRINGTON<br>HOLDINGS, LLC,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV423-042 |

## ORDER

*Pro se* plaintiffs Terrence N. Moore and Yulantis W. Moore filed a Complaint in the Superior Court of Effingham County, Georgia. *See* doc. 1-2 at 4–5. It is a somewhat confusing document. It begins: "I, Me, My, Myself, a Living Soul, a Private Party; but for My purpose for this AFFIDAVIT in COMMERCE you may address Me as Terrence-N: Moore, a Child of God." *Id.* at 4. The clarity of the remaining substance does not improve.[1]  Defendant Carrington Mortgage Services, LLC, misnamed

---

[1] The Court notes that Yulantis W. Moore is not mentioned in the pleading. *See* doc. 1-2 at 4-5. It is not clear, therefore, whether she is a proper party at all. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (28 U.S.C. § 1654, authorizing *pro se* proceedings, "provide[s] a personal right that does not extend to the representation of the interests of others."). Moreover, the pleading is not signed. *See*

"Carrington Holdings LLC," removed the case to this Court, invoking its diversity jurisdiction. *See* doc. 1 at 1-5. Defendant filed a Motion to Dismiss, doc. 6, to which plaintiffs have failed to respond, *see* S.D. Ga. L. Civ. R. 7.5.

Despite the various defects in plaintiffs' pleading and their apparent failure to take any action to prosecute this case, *see, e.g.,* doc. 7, there is a more fundamental issue that the Court must address. As this Court has explained, "[w]hen it appears that subject matter jurisdiction may be lacking, a federal court must inquire sua sponte into the issue." *Cruz v. Burlington Coat Factory Warehouse Corp.*, 2023 WL 22026, at *1 (S.D. Ga. Jan. 3, 2023) (citation omitted) (Moore, J.). The Court must do so here.

As the Court explained in the virtually identical situation in *Cruz*:

> Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the

---

doc. 1-2 at 5. Thus, it is not clear that the pleading was or is even properly filed. *See, e.g.,* O.C.G.A. § 9-11-11(a); *see also* Fed. R. Civ. P. 11(a). Finally, the language quoted above suggests that the pleading relies on some version of the wholly discredited "sovereign citizen" theory. *See, e.g., Townsend v. Georgia*, 2019 WL 1009421, at *2, *2 n. 3 (S.D. Ga. Feb. 11, 2019) (noting plaintiff's "reference to himself in the third person as 'a living Human being' and 'living soul' is . . . typical of . . . frivolous sovereign-citizen claptrap." (citation omitted)). Since, as discussed below, this Court's subject-matter jurisdiction is in question, the Court takes no action on these identified defects, or any others, unless and until the Defendant's comply with the directions contained in this Order.

> amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P.[ v. Comcast SCH Holdings, L.L.C.*], 374 F.3d [1020,] 1022 [(11th Cir. 2004)](quotation omitted). The right to remove is strictly construed, and courts apply "a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (quotation omitted). However, "if a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission.'" *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 1294, 1297 (11th Cir. 2009) (quotation omitted).
>
> . . . To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." [*Rolling Greens MHP, L.P.*, 374 F.3d at 1022.] "When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, . . ., 2015 WL 73980, at *6 (N.D. Ga. Jan. 6, 2015) (quotation omitted). "*A negative allegation of citizenship—* i.e.*, that no members of an LLC . . . are citizens of a particular state—is insufficient.*" *Doc Watson Enters., LLC v. LexisNexis Claims Sols., Inc.*, . . ., 2017 WL 11627763, at *1 (N.D. Ga. Oct. 4, 2017) (citing *Purchasing Power, LLC*, 2015 WL 73980, at *5).

*Cruz*, 2023 WL 22026, at *2 (alterations omitted) (emphasis added).

Defendant's Notice of Removal recognizes the principle at issue. *See* doc. 1 at 3 (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022). After

3

exhaustively identifying the constituent entities and their respective citizenships, Defendant states that one LLC's "members are two private individuals who are not citizens of the State of Georgia," and another entity's individual member "is not a citizen of the State of Georgia." *Id.* Based on those allegations, Defendant concludes, "[a]ccordingly, Carrington is not a citizen of the State of Georgia for purposes of determining diversity jurisdiction." *Id.* at 3.  As Judge Moore clearly explained in *Cruz*, "a negative allegation of citizenship . . . is insufficient." 2023 WL 22026, at *2.

Since Defendant's Notice of Removal fails to adequately allege its citizenship to establish this Court's diversity jurisdiction, it is **DIRECTED** to file an amended notice of removal within fourteen days of the date of this Order listing all members of the various constituent entities and their citizenships.[2]  Failure to file an amended notice will

---

[2] The Court will not accept any amended notice of removal that incorporates by reference any factual allegation or argument contained in an earlier filing. Defendant's amended notice of removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.

4

result in a recommendation that this case be remanded for lack of subject matter jurisdiction.

**SO ORDERED,** this 27th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA